UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STEPHEN GREGORY FONTENOT, JR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 5:23-CV-05054-CBK <br><br> **MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of three counts of attempted sexual exploitation of a minor, attempted enticement of a minor using the internet, and attempted receipt of child pornography, 5:21-cr-50137-KES. Petitioner was sentenced on February 6, 2023, by now retired U.S. District Judge Jeffrey L. Viken to concurrent sentences of 210 months, 120 months (mandatory minimum), and 60 months (mandatory minimum). Petitioner appealed his convictions and sentences to the United States Court of Appeals for the Eighth Circuit, 23-1278. Prior to filing an appellate brief, petitioner moved to dismiss his appeal "due to counsel and Appellant determining that there are not non-frivolous issues to be urged on appeal." The motion was granted.

Petitioner timely filed a motion to vacate, set aside, or correct sentence on August 3, 2023, pursuant to 28 U.S.C. § 2255. See United States v. McIntosh, 332 F.3d 550, 550 (8th Cir. 2003) (per curiam) (outlining typical one year statute of limitations to file motion, barring applicable exceptions).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. I have reviewed the entire criminal file, including the trial and sentencing transcripts and the trial exhibits.

## DECISION

The Sixth Amendment guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 377, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Effective assistance is representation that "play[s] the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. at 685, 104 S.Ct. 2052.

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner must first] show ineffective assistance—that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The court applies an objective standard by viewing the facts as they existed at the time of counsel's conduct and evaluating counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. Strickland, 466 U.S. 690, 104 S.Ct. 2052.

A court considering a defendant's attack on his conviction must be "highly deferential" in assessing whether counsel's course of conduct could be considered a sound trial strategy rather than an error, Strickland, 466 U.S. at 689, 104 S.Ct. 2052, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" Id. In other words, the burden of proof is on the petitioner to show that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman, 477 U.S. at 384, 106 S.Ct. 2574.

Second, petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Id. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel

pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Petitioner contends that, as to Counts I and III, he received ineffective assistance of counsel at trial and that counsel was also ineffective at sentencing. Having reviewed the file, record, and proceedings, the court concludes that petitioner's arguments are without merit. The below discussion sets forth the Court's reasoning.

### I. Assistance at Trial.

To support his claim that counsel was ineffective at trial, petitioner contends that "movant's trial counsel was ineffective for not informing him that the Government could not meet its burden in proving that images [he] requested or attempted to receive were child pornography." Petitioner argued that "had movant's trial counsel explained that child pornography had a federal statutory definition, and what the definition was, movant would have had a defense for those counts at trial." Petitioner goes on to contend that "nowhere in the record does movant attempt to cause the production of or to receive child pornography, as the elements of count one and three demand." Petitioner contends that he asked an undercover agent if she sent "naughty pics" and that he asked the victim to "show him her sticking her fingers in her vagina." He claims he assumed that such conduct was sufficient to convict him and he therefore did not contest these acts at trial. He now claims that "naughty pics" is vague and could refer to a photo of a person stealing a cookie. He also now claims that he intended the victim to show herself masturbating in person and not to merely send a picture of such conduct.

The evidence at trial showed that an undercover law enforcement officer posing as a 12-year-old girl named Kelly engaged in chat messaging with the petitioner on the MeetMe application beginning on August 9, 2021. Kelly initially listed her age as 20 years old. After petitioner began engaging in chat messaging with Kelly, Kelly told the petitioner she was 12 years old. Petitioner asked questions, including whether she would

3

be willing to send "naughty pics." Kelly said "sure" and offered to text on her cell phone. Petitioner declined and stated that "I have to stay on this site" because "I need to be discreet." Petitioner asked if she was trying to find experience with an older man and whether she had "ever been with some one (sic) before." When she said "kind of I guess we touched," petitioner asked her specific questions about her experience being touched by another. He asked, "did it make u (sic) wet" and when Kelly was confused he stated "Women get what is called wet when the (sic) get excited. Between there (sic) legs. It's a way of allowing (sic) the Male to insert easier." Petitioner asked Kelly "Do u (sic) ever stick anything in you" and asked her "to show." When Kelly said "Me with fingers in my vagina?" petitioner texted "yes." At that point, the petitioner gave Kelly his cell phone number and, early in the afternoon on August 9, 2021, they began texting on their cell phones. Petitioner asked questions including "Have you ever watched porn" and "Did you rub yourself as u (sic) did." He asked, "are u (sic) brave enough to send naughty pics."

      Petitioner continued to text Kelly asking whether she would be interested in having sex with someone petitioner's age and if she were to meet petitioner, where would that be. Petitioner texted Kelly's cell phone asking "What do you want to try as for types or positions" and explained the "missionary" position. Petitioner texted "My size may hurt you" and when Kelly asked "size of what" petitioner replied "Which part goes in when having sex." Petitioner asked her to send a picture of her hairbrush handle and when she did he told her "The wide part is about my width . . . still want it now?" When Kelly replied "yes," petitioner texted "Ok." Petitioner asked many questions about where Kelly lived, where she walked, whether she was in his neighborhood, and whether she wanted to come to his house. Kelly texted she did not want to go to his house and petitioner texted "I thought we were going to have sex." He further stated that "I was wanting to be your first." They planned for the petitioner to meet Kelly "behind the hotel." On the evening of August 10, 2021, defendant drove his pickup to the arranged place where law enforcement officers were waiting and arrested petitioner.

Petitioner was interviewed by law enforcement following his arrest. He admitted that he was chatting with a 12-year-old girl on MeetMe and that the chats were about sex. He denied that he would ever have sex with a 12-year-old. He denied that he was meeting Kelly that night but that instead he was just turning around in the parking lot. He claimed that, if Kelly had showed up, he would have called the police to report that a 12-year-old girl has been enticing him. He did not deny that he made the comments set forth above but denied that he intended to or ever would have sex with a 12-year-old.

Petitioner testified at trial in his defense. He claimed he was aware that law enforcement posed as someone else, that he thought the person he was chatting with had a fake profile, and that he was just "playing along" with the "game." He claims that, when the person he was chatting with said she was 12 years old, he did not believe her, even when she sent a photo.

Regarding the first prong, petitioner has not shown and cannot show that counsel's assistance was ineffective based on any objective standard of reasonableness. Petitioner's argument that "counsel was ineffective for not informing him that the Government could not meet its burden" is nonsensical. The Government argued its case and presented evidence before the court. The jury heard arguments and evidence from both parties, deliberated on the elements of the alleged crimes and reached a guilty verdict. Petitioner's claim that counsel did not inform him of the Government's alleged inability to meet the burden assumes that counsel had the ability to anticipate the jury's verdict. Even the most experienced senior judges like me and the most competent of counsels have no crystal ball to predict whether a jury would find that the Government met its burden of proof. Therefore, petitioner's expectation of counsel is unreasonable under prevailing professional norms.

Petitioner's claim that he would have had a defense had counsel informed him of the statutory definition of child pornography is at best presumptuous—that any such defense would have persuaded the jury against a guilty verdict. Based on the facts, law and evidence presented at trial, petitioner would have had no such defense.

Petitioner argues that child pornography means, "'any visual depiction . . . of a minor engaging in sexually explicit conduct." United States v. Mayokok, 854 F.3d 987, 992 (8th Cir. 2017) (quoting 18 U.S.C. 2256 (8)(A). In relevant part, "sexually explicit conduct" is further defined as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. 2256 (2)(A)(i).

Petitioner directed the undercover agent—who he believed to be a minor—to "show him her sticking her fingers in her vagina." Had the undercover agent he believed to have been a minor complied, petitioner's direction would have amounted to simulated masturbation and lascivious exhibition of a child's genitals—supporting the jury's verdict of attempt to produce child pornography. Petitioner's claim that "naughty pics" could have meant a photograph of theft from a cookie jar is unavailing considering the facts and circumstances of this case.

Further, petitioner's now claim that he was not asking for a sexually depicted photograph and that he only wanted to see such sexual conduct in-person would nevertheless have amounted to actual masturbation and lascivious exhibition of a child's genitals warranting a similar verdict. In sum, this Court finds that petitioner has failed to prove and cannot prove the first prong—that counsel's representation fell below an objective standard of reasonableness.

Regarding the second prong, petitioner contends that "had movant's trial counsel explained that child pornography had a federal statutory definition, and what the definition was, movant would have had a defense for those counts at trial." Petitioner's claim is presumptuous and fails to show that the jury would have been persuaded by any defense he may have made. Petitioner cannot show that the outcome of his case would have been different had counsel performed differently. Even if counsel was ineffective, petitioner cannot show any prejudice. Therefore, this Court finds that petitioner has

failed to show prejudice. As a result, this Court also finds that petitioner has failed to show and cannot show ineffective assistance of counsel.

## II. Assistance at Sentencing.

Petitioner contends that counsel was ineffective at sentencing for failure to assert that he was entitled to a three-point reduction pursuant to U.S.S.G. § 2X1.1. That guideline directs that, in the case of attempt, solicitation, or conspiracy – not covered by a specific offense guideline – the base offense level is the level from the guideline for the substantive offense. U.S.S.G. § 2X1.1(a). That guideline further provides:

> If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

U.S.S.G. § 2X1.1(b)(1).

Application Note 19 of U.S.S.G. § 2B1.1 states:

> In the case of a partially completed offense (*e.g.*, an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud), the offense level is to be determined in accordance with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy) whether the conviction is for the substantive offense, the inchoate offense (attempt, solicitation, or conspiracy), or both.

U.S.S.G. § 2B1.1 cmt. (n.19.).

Petitioner's offense level was calculated pursuant to Guidelines §§ 2G2.1, 2G1.3, and 2G2.2 as well as the multiple count adjustment guideline, § 3D1.4. The total offense level was 37 and, together with a criminal history category of I, the advisory guideline range was 210 – 262 months. The total sentence imposed was at the minimum of the guideline range.

Application Note 19 of U.S.S.G. § 2B1.1 states:

> In the case of a partially completed offense (*e.g.*, an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud), the offense level is to be determined in accordance with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy) whether the conviction is for the substantive offense, the inchoate offense (attempt, solicitation, or conspiracy), or both.

U.S.S.G. § 2B1.1 cmt. (n.19.); United States v. Brown, 74 F.3d 891, 893 (8th Cir. 1996) (explaining that "whether a reduction under Section 2X1.1 is warranted is a fact-specific inquiry").

> No reduction is warranted when the failure to complete the substantive offense is the result of intervention by the victim or law enforcement. U.S.S.G. § 2X1.1, cmt. (backg'd.)

United States v. Schultz, 88 F.4th 1141, 1145 (5th Cir. 2023).

> "Section 2X1.1 provides for a three-level reduction in the base offense level for attempt offenses "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." USSG § 2X1.1(b)(1). The district court agreed with the government that Vallier completed all the acts he believed necessary for the successful completion of the sexual exploitation offense. Indeed, Vallier admitted to having placed hidden recording devices in two high school athletics changing rooms "for the purpose of attempting to depict the lascivious display of the minors' pubic areas." There were no other steps Vallier would have needed to take to complete the offense."

Vallier v. United States, No. 23-1214, 2023 WL 5676909, at *3 (6th Cir. Aug. 2, 2023).

Petitioner was charged with attempting to get a minor to send an image of herself engaging in a sexual act, attempting to get her to engage in a sexual act with him, and attempting to receive child porn. Count II was prevented by his arrest. Counts I and III were however completed and petitioner did not need to receive the photos to complete the attempted crimes. Counsel argued at sentencing for a downward variance. Any alleged deficiency by defense counsel, which deficiency I reject, played no role in the sentence the petitioner received. Petitioner has not demonstrated that counsel was ineffective or that petitioner suffered prejudice in conjunction with the determination of the Guideline range and the sentence imposed.

## ORDER

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is not entitled

relief and that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

Based upon the forgoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 1st day of April, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge